MILES McDONNEL, Respondent, *v.* HENRY ELIAS BREWING COMPANY, Appellant.

*Negligence — in driving a beer wagon over a pedestrian — contributory negligence of the pedestrian in crossing a street — measure of damages.*

In an action where negligence was charged against a brewing company it appeared that the plaintiff was attempting to cross a street in the city of New York, about dark, in an easterly direction, while a cable car was going north on the easterly track. He waited for this to pass, and upon then attempting to cross the tracks he was struck by the wagon of the defendant, loaded with beer barrels, moving south on the westerly track, which he had seen before crossing, but which was then, apparently, some distance away. The plaintiff gave evidence to the effect that this wagon was proceeding at the rate of six or seven miles an hour, and that the driver was asleep on his seat, and that the lines were tied up to the cover of the wagon. The defendant gave evidence contradicting this. At the time of the accident an elevated train was passing overhead.

*Held,* that the question of contributory negligence was properly submitted to the jury.

Where a cab driver, thirty-two years old and earning twelve dollars per week, suffers a compound fracture of the jaw and a comminuted fracture of both legs, a verdict of $12,500, although large, cannot be deemed excessive.

APPEAL by the defendant, the Henry Elias Brewing Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 15th day of December, 1896, upon the verdict of a jury, and also from an order entered in said clerk's office on the 21st day of December, 1896, denying the defendant's motion for a new trial made upon the minutes.

*Charles J. Fiske,* for the appellant.

*Sumner B. Stiles* and *Francis L. Wellman,* for the respondent.

WILLIAMS, J.:

The action was brought to recover damages for injuries to the plaintiff alleged to have been caused by the negligence of the defendant. The injuries were received in an accident which took place at Forty-second street and Third avenue, New York city, at five-thirty A. M. of January 23, 1895. The plaintiff was crossing Third avenue along the northerly side of Forty-second street, walking in an easterly direction ; as he approached the street railroad tracks a cable car was going northerly on the easterly track. Plaintiff halted before crossing any of the tracks, and this car passed in front of him. Then he attempted to cross the tracks and was struck by defendant's brewery wagon and team, which were going south on the westerly track. He was thrown down and run over by the team and wagon wheels, and received very serious injuries. This action was brought to recover damages for such injuries. There was a serious conflict in the evidence as to the manner in which the team was being driven at the time of the accident. The wagon was a heavy one and was loaded with beer in barrels, and was on its way to Brooklyn, where the beer was to be delivered. The plaintiff's evidence was to the effect that at the time of the accident the driver was asleep on his seat, that he was not holding the lines in his hands, but the lines were tied up to the cover of the wagon, and that the horses were going down the avenue at a rate of six to seven miles an hour. The defendant's evidence was to the effect that the driver was awake and had the lines in his hands and the horses were going at a slow trot. The questions of fact upon this conflicting evidence were submitted to the jury, and it must be assumed the jury believed the plaintiff's evidence and found the

facts as claimed by the plaintiff.   We see no reason for disturbing the verdict upon this question, and, assuming the facts to have been properly found, the jury were justified in concluding that the defendant's negligence was satisfactorily established.   The more serious question is whether the jury were justified in finding that the plaintiff was free from contributory negligence.   Ordinarily this question is one of fact for a jury.   The rule is that a plaintiff who has been injured has the burden of showing the absence of such contributory negligence.   He is not bound to show that he exercised the highest degree of care to avoid accident and injury, but only such care as an ordinarily careful and prudent person would have exercised under the particular circumstances surrounding the plaintiff at the time the accident occurred and the injuries were received. The jury are to take into consideration all the facts and circumstances surrounding the plaintiff at the time of the accident and to determine whether he exercised such care as an ordinarily careful and prudent person would have done if placed in the plaintiff's position.   It seems to us the facts and circumstances surrounding the plaintiff at the time of this accident, as the jury were justified in finding and inferring them from the evidence, were such as to warrant the submission of the question to the jury.   The plaintiff was in a public street, and had a right to cross the avenue where he was when the accident occurred.   He was bound to use reasonable care in so crossing.   It appears that as he approached the street car tracks from the west he looked both ways.   It was not very light, he saw a cable car coming up the avenue on the easterly track, and he saw something that looked like a wagon coming down the avenue, but then some distance away.   He halted a little, so as to permit the cable car to pass by before he attempted to cross over.   The wagon was so far away that he, apparently, did not consider that any impediment to a safe crossing of the avenue. The cable car may well have attracted his attention, because it was specially dangerous to a foot passenger crossing the avenue. The elevated road was located along the avenue, with double tracks above him, and there was at the time considerable noise occasioned by the passage of a train above him.   This noise and that of the cable car may well have prevented his hearing the noise made by the beer wagon, or realizing that it was making a noise

in approaching.   He did not evidently understand that it was near to him.   As the cable car approached, the plaintiff, supposing the way would be clear when it had passed so that he could safely cross over, started to cross the westerly street railroad track, and, as he was passing over this track, or was near the easterly street railroad track, while standing to allow the rear of the cable car to get out of the way, or stepping back a little to avoid it, he was struck by this wagon which was coming along rapidly and which he did not observe until it struck him.   These are the facts and circumstances which the jury were justified in finding or inferring from the evidence, and we think they were sufficient to support the finding by the jury that the plaintiff exercised — not the highest degree of care to avoid the accident and injuries; he was not bound to do that — but such care as an ordinarily careful and prudent person would have exercised if he had been in his place.   This question was submitted to the jury, and they found that the plaintiff was free from contributory negligence.   We think that this finding of the jury should not be disturbed.

The only other question suggested by the appellant relates to the amount of the verdict.   The damages are claimed to have been excessive.   The jury awarded $12,500.   The plaintiff was a comparatively young man about thirty-two years of age.   He was a cab driver and was earning prior to the accident twelve dollars per week: His injuries were of a very serious nature.   He suffered a compound fracture of the jaw and comminuted fracture of both legs, and the condition of the legs is shown by the photographs in the record. While this court has the power to exercise its judgment as to the amount of the verdict in a negligence case, and to afford relief where it is satisfied that the amount of damages awarded is excessive, we do not think this is a case where such relief should be afforded. It is a large verdict, but we cannot say it is too large, in view of the injuries received by the plaintiff.

The judgment and order appealed from should be affirmed, with costs.

Van Brunt, P. J., O'Brien, Ingraham and Parker, JJ., concurred.

Judgment and order affirmed, with costs.